Jerry L. Steering (SBN 122509)
Law Offices of Jerry Steering
4063 Birch Street, Suite 100
Newport Beach, California 92660
(949) 474-1849
(949) 474-1883 Fax
jerrysteering@yahoo.com
Attorney for Plaintiffs Sarah Riggs and Anthony Alexander Pope

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH RIGGS and ANTHONY ALEXANDER POPE,<br><br>        Plaintiffs,<br><br>        vs.<br><br>CITY OF ANAHEIM, THOMAS A. LOMELI, MICHAEL J. RAMOS, REUBEN A. HASANI  and DOES 1 through 10, INCLUSIVE,<br><br>        Defendants. | Case No.:<br><br>COMPLAINT FOR DAMAGES FOR VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS UNDER COLOR OF STATE LAW (42 U.S.C. § 1983) CLAIM FOR UNREASONABLE SEIZURE OF PERSON (U.S. CONST. AMEND 4); CLAIM FOR USE OF UNREASONABLE FORCE UPON PERSON (U.S. CONST. AMEND 4); MALICIOUS PROSECUTION (U.S. CONST. AMEND 1, 4 and 14); AND *MONELL* CLAIM FOR FAILURE TO TRAIN |

**JURY TRIAL DEMANDED**

    **COMES NOW** plaintiffs SARAH RIGGS and ANTHONY ALEXANDER POPE, and shows this honorable court the following:

### JURISDICTIONAL ALLEGATIONS

    1.    As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

    2.    As the incidents complained of in this action occurred in the County of Orange, State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

### GENERAL ALLEGATIONS

    3.    Plaintiff Sarah Riggs, hereinafter referred to as "RIGGS" and/or "plaintiff" and/or "Sarah Riggs" is a natural person, who, at all times complained of in this action, resided in the State of California.

    4.    Plaintiff Anthony Alexander Pope, hereinafter referred to as "POPE" and/or "plaintiff" and/or "Anthony Pope" is a natural person, who, at all times complained of in this action, resided in the State of California.

    5.    Defendant City of Anaheim, hereinafter also referred to as "CITY", is a political subdivision of the State of California and is a municipal entity, located within the territorial jurisdiction of this Honorable Court.

    6.    Defendant Thomas A. Lomeli, hereinafter referred to as "LOMELI", is a sworn police officer with the Anaheim Police Department, who, at all times complained of in this action was acting as an individual person under the color of state law, and was acting in the course of and within the scope of his employment with the Anaheim Police Department and defendant City of Anaheim.

    7.    Defendant Michael J. Ramos, hereinafter referred to as "RAMOS", is a sworn police officer with the Anaheim Police Department, who, at all times

complained of in this action was acting as an individual person under the color of state law, and was acting in the course of and within the scope of his employment with the Anaheim Police Department and defendant City of Anaheim.

8.     Defendant Reuben A. Hasani, hereinafter referred to as "HASANI", is a sworn police officer with the Anaheim Police Department, who, at all times complained of in this action was acting as an individual person under the color of state law, and was acting in the course of and within the scope of his employment with the Anaheim Police Department and defendant City of Anaheim.

9.     Defendants DOES 1 through 6, inclusive, are sworn peace officers and/or police officers and/or supervisors and/or investigators and/ Special Officers and/or a dispatchers and/or some other public officer, public official or employee of defendant City of Anaheim, who in some way committed some or all of the tortious actions (and constitutional violations) complained of in this action, and/or are otherwise responsible for and liable to plaintiffs for the acts complained of in this action, whose identities are, and remain unknown to plaintiff, who will amend his complaint to add and to show the actual names of said DOE defendants when ascertained by plaintiff.

10.     At all times complained of herein, DOES 1 through 6, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as sworn peace officers and/or police officers and/or Special Officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatchers and/or public officers, employed by defendant City of Anaheim, and were acting in the course of and within the scope of their employment with defendant City of Anaheim.

11.     Defendants DOES 7 through 10, inclusive, are sworn peace officers and/or Supervisors and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or Detectives and/or other Supervisory personnel (such as) and/or policy making and/or final policy making officials, employed by the City of

Anaheim, who are in some substantial way liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by plaintiffs in this action, such as via supervisory liability (i.e. failure to properly supervise, improperly directing subordinate officers, approving actions of subordinate officers), via bystander liability (failing to intervene in and stop unlawful actions of their subordinates and/or other officers), and such as by creating and/or causing the creation of and/or contributing to the creation of the policies and/or practices and/or customs and/or usages of the City of Anaheim for: 1) for wrongfully arresting persons; 2) for using excessive / unreasonable force on persons; 3) for unlawfully seizing persons; 4) for unlawful searching and seizing persons and their personalty / property; 5) for falsely arresting and falsely imprisoning persons; 6) for fabricating / destroying / concealing / altering / withholding evidence in criminal and civil actions, and for otherwise "framing" persons in criminal actions, in order to falsely and maliciously, oppressively convict innocent persons, to protect them and other police officers, public officers and supervisory personnel from civil, administrative and criminal liability; 7) for interfering with persons' and/or otherwise violating persons' constitutionally protected right to free speech; 8) for covering-up unlawful and tortious conduct by City of Anaheim personnel, and were a proximate cause of the very same federal constitutional violations complained above, and complained of by the plaintiff in this action.

12.    Plaintiffs are presently unaware of the identities of DOES 1 through 10, inclusive, and will amend his complaint to add and to show the actual names of said DOE defendants, when ascertained by plaintiff.

13.    At all times complained of herein, DOES 7 through 10, inclusive, were acting were acting as individual persons acting under the color of state law, pursuant to their authority as Police Officers and/or Supervisory Officers, Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or other

COMPLAINT FOR DAMAGES
4

Supervisory personnel and/or policy making and/or final policy making officials, employed by the City of Anaheim, and/or some other public official(s) with the City of Anaheim, and were acting in the course of and within the scope of their employment with defendant City of Anaheim.

14.     At all times complained of herein, defendants DOES 7 through 10, inclusive, were acting as individual persons under the color of state law; under and pursuant to their status and authority as peace officers and/or Supervisory peace officers (as described herein, above and below), and/or policy making peace officers, with defendant City of Anaheim.

15.     Moreover, at all times complained of herein, defendants DOES 1 through 10, inclusive, were acting pursuant to, or otherwise contributed to the creation and maintenance of, the customs, policies, usages and practices of the City of Anaheim, for, inter alia: 1) for wrongfully arresting persons; 2) for using excessive / unreasonable force on persons; 3) for unlawfully seizing persons; 4) for unlawful searching and seizing persons and their personalty / property; 5) for falsely arresting and falsely imprisoning persons; 6) for fabricating / destroying / concealing / altering / withholding evidence in criminal and civil actions, and for otherwise "framing" persons in criminal actions, in order to falsely and maliciously, oppressively convict innocent persons, to protect them and other deputy sheriffs and supervisory personnel from civil, administrative and criminal liability; 7) for interfering with persons' and/or otherwise violating persons' constitutionally protected right to free speech; 8) for covering-up unlawful and tortious conduct by the City of Anaheim personnel, and were a proximate cause of the very same federal constitutional violations complained above, and complained of by the plaintiffs in this action.

16.     In addition to the above and foregoing, defendants DOES 1 through 6, inclusive, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the plaintiffs Sarah Riggs and Anthony Pope

of their federal Constitutional and statutory rights, as complained of in this action, and acted in joint and concerted action to so deprive plaintiff of those rights as complained of herein; all in violation of 42 U.S.C. § 1983, and otherwise in violation of United States (Constitutional and statutory) law.

17.    Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a proximate cause of the violation of the plaintiffs Sarah Riggs' and Anthony Pope's federal and state constitutional and statutory rights, as complained of herein.

**FIRST CAUSE OF ACTION**
**UNREASONABLE SEIZURE OF PERSON UNDER**
**FOURTH AMENDMENT**
**[42 U.S.C. § 1983]**
**(By Plaintiffs SARAH RIGGS and ANTHONY ALEXANDER POPE,**
**against Defendants LOMELI, RAMOS, HASANI and**
**DOES 1 through 6, inclusive)**

18.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 17, inclusive, above, as if set forth in full herein.

19.    On April 21, 2019, plaintiffs RIGGS and POPE were visiting RIGGS' grandmother, when POPE wanted to accompany RIGGS to go to the store, and they became involved in a verbal argument near the intersection of East Katella Avenue and Market Street in the City of Anaheim, California.

20.    Witnesses to the argument then called the Anaheim Police Department, and police officers defendants LOMELI, RAMOS, HASANI and other police officers, DOES 1 through 6, inclusive, with the Anaheim Police Department arrived, and detained plaintiff POPE for questioning.

21.    Anaheim police officers defendants LOMELI and/or DOE 1 and/or DOE 2, ran up behind plaintiff RIGGS and kicked her leg and pushed her down to the pavement with great force and violence; sending her to the ground where she

landed on her tailbone, causing her significant injury.

22.    At some point during the subject incident, plaintiff POPE was arrested by defendants RAMOS, HASANI and/or DOE 3 and/or DOE 4 for a violation of California Penal Code § 243(e)(1) (Misdemeanor Domestic Battery) and unlawfully handcuffed him. The handcuffs were ratcheted down so tightly that plaintiff POPE's wrists were in great pain and suffering, and show the use of unreasonable / excessive force on POPE, such as to cause plaintiff POPE injuries to his wrists.

23.    At all times complained of herein, there was not any reasonable suspicion of any criminality afoot of plaintiffs RIGGS by defendants LOMELI and DOES 1 to 2, to have seized her in any way.

24.    Moreover, defendants RAMOS, HASANI and DOES 3 through 6, inclusive, did not have sufficient probable cause to have believed that POPE committed a crime, including Domestic Battery, and did not have probable cause to have arrested POPE.

25.    Plaintiff POPE was then placed in the back of a patrol car in handcuffs before being taken to the Anaheim Detention Facility where he was incarcerated for approximately one day.

26.    Thereafter, plaintiff POPE posted $10,000.00 bail to get out of jail.

27.    RIGGS was detained by LOMELI and DOES 1 and 2, and interrogated, and then released by said defendants.

28.    Later that night, plaintiff RIGGS sought medical treatment at St. Joseph Hospital Emergency Room in Orange, California for injuries to her spine.

29.    On or about April 26, 2019 plaintiff POPE was arraigned in Orange County Superior Court on misdemeanor violations of Cal. Penal Code §§ 243(e)(1) (Misdemeanor Domestic Battery) and 273.5(a) (Corporal Injury on a Spouse/Cohabitant).

30.    After numerous court appearances, on October 8, 2019, the Orange

COMPLAINT FOR DAMAGES
7

County District Attorney's Office dismissed the criminal complaint against plaintiff POPE.

31.     Moreover, after plaintiff RIGGS complained to the Anaheim Police Department about the misconduct of said police officer defendants above-referenced, her complaints were investigated, and plaintiff RIGGS received a letter dated July 1, 2020 from Anaheim Police Department Deputy Chief of Police Rick Armendariz, which letter stated that the "investigation revealed there was wrongdoing or misconduct by the [unidentified] officer."

32.     The actions of defendants LOMELI, RAMOS, HASANI and DOES 1 through 6, inclusive, as complained above herein, constituted a violation of plaintiffs RIGGS' and POPE's rights under the Fourth Amendment to the United States Constitution to be free from and unlawful and unreasonable seizure of their persons by said defendants.

31.     Lastly, as shown above, by said unlawful detention and arrest of the plaintiffs RIGGS and POPE, the actions of defendants LOMELI, RAMOS, HASANI and DOES 1 through 6, inclusive, constituted an unlawful and false arrest of plaintiffs RIGGS and POPE, and constituted an unlawful and unreasonable seizure of his person, in violation of the Fourth Amendment to the United States Constitution.

32.     As a direct and proximate result of the actions of defendants LOMELI, RAMOS, HASANI and DOES 1 through 10, inclusive, plaintiffs RIGGS and POPE were: 1) substantially physically, mentally and emotionally injured, 2) incurred bail amounts, attorney's fees, and expenses, and 3) incurred medical expenses other special and general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $3,000.000.00.

33.     The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of plaintiffs RIGGS' and POPE's constitutional rights, sufficient for an award of

punitive / exemplary damages against said defendants, in an amount to be proven at trial, in excess of $3,000,000.00.

## SECOND CAUSE OF ACTION
### UNREASONABLE USE OF FORCE ON PERSON UNDER FOURTH AMENDMENT
### [42 U.S.C. § 1983]
### (By Plaintiffs SARAH RIGGS and ANTHONY ALEXANDER POPE Against Defendants LOMELI, RAMOS, HASANI and DOES 1 through 6, inclusive)

34.    Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 33, inclusive, above, as if set forth in full herein.

35.    As shown above, on April 21, 2019, when defendant LOMELI and/or DOE 1 and/or DOE 2 unlawfully detained plaintiff RIGGS by brutally and violently taking her to the ground, causing injuries to her spine, in a showing of unreasonable / excessive force.

36.    Moreover, as shown above, when defendants RAMOS, HASANI and/or DOE 3 and/or DOE 4 falsely arrested and handcuffed plaintiff POPE, the handcuffs were ratcheted down so tightly that plaintiff's wrists were in excruciating pain and suffering, in showing of unreasonable / excessive force.

37.    Moreover, as shown above, said use of excessive force by said defendants LOMELI, RAMOS, HASANI and/or DOE 1 and/or DOE 2 and/or DOE 3 and/or DOE 4, as complained above herein, constituted a violation of plaintiffs RIGGS' and POPE's rights under the Fourth Amendment to the United States Constitution to be free from the use of unlawful and unreasonable and excessive force upon their persons.

38.    As a direct and proximate result of the actions of defendants LOMELI, RAMOS, HASANI and DOES 1 through 10, inclusive, and the unlawful seizures by said defendants upon the plaintiffs RIGGS and POPE were: 1) substantially physically, mentally and emotionally injured, 2) incurred bail amounts, attorney's fees and expenses, and 3) incurred medical expenses and

other special and general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $3,000.000.00.

39.     The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of plaintiffs RIGGS' and POPE's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, in an amount to be proven at trial, in excess of $3,000,000.00.

**THIRD CAUSE OF ACTION**
**MALICIOUS PROSECUTION - UNDER FIRST, FOURTH AND**
**FOURTEENTH AMENDMENTS**
**[42 U.S.C. § 1983]**
**(By Plaintiff ANTHONY ALEXANDER POPE Against All Defendants)**

40.     Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 39, inclusive, above, as though set forth in full herein.

41.     As shown above, defendants LOMELI, RAMOS, HASANI and DOES 1 through 6, inclusive, conspired to falsely and maliciously prosecute plaintiff POPE by submitting to the Orange County District Attorney's Office police reports which contained false material statements of fact regarding the April 21, 2019 incident.

42.     Also as shown above, in reliance on said false and misleading police reports, the Orange County District Attorney's Office filed a criminal action against the plaintiff POPE for violations of California Penal Code §§ 243(e)(1) (Battery) and 273.5(a) (Corporal Injury on a Spouse/Cohabitant); *People of the State of California v. Anthony Alexander Pope*, Orange County Superior Court Case Number 19NM05565.

43.     The Orange County District Attorney's Office also didn't file that criminal action against plaintiff POPE using their independent judgment, as they filed the criminal action against plaintiff POPE based on and in reliance upon

COMPLAINT FOR DAMAGES
10

false and misleading material statements of facts contained in the police reports of defendants LOMELI, RAMOS, HASANI and DOES 1 through 6, inclusive.

44.    As shown above, on April 26, 2019, plaintiff POPE was arraigned in open court.

45.    Also, as shown above, that criminal case was dismissed by The People of the State of California on or about October 8, 2019.

46.    Said criminal actions were procured by all of said defendants, without probable cause, and with malice.

47.    Said defendants' action constituted a malicious criminal prosecution of the plaintiff POPE, in violation of his First, Fourth and Fourteenth Amendment rights.

48.    As a direct and proximate result of the actions of defendants LOMELI, RAMOS, HASANI and DOES 1 through 10, inclusive, and the unlawful seizures by said defendants upon the plaintiffs RIGGS and POPE were: 1) substantially physically, mentally and emotionally injured, 2) incurred bail amounts, attorney's fees and expenses, and 3) incurred medical expenses and other special and general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $3,000.000.00.

49.    The actions by said defendants were committed maliciously, oppressively and in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, save defendant CITY, in an amount to be proven at trial, in excess of $3,000,000.00.

**FOURTH CAUSE OF ACTION**
**[VIOLATION OF 42 U.S.C. § 1983]**
**Claim Against Local Governing Body Defendants Based On**
**Failure To Train**
**(By Plaintiffs SARAH RIGGS and ANTHONY ALEXANDER POPE and**
**Against Defendants COUNTY and DOES 7 through 10, inclusive)**

50.     Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 49 inclusive, above, as if set forth in full herein.

51.     As shown above, when defendants LOMELI, RAMOS, HASANI and/or DOE 1 and/or DOE 2 and/or DOE 3 and/or DOE 4 and DOE 7, inclusive, deprived plaintiffs RIGGS and POPE of their particular rights under the United States Constitution, they were acting under the color of state law.

52.     The training policies of defendants CITY and DOES 7 through 10, inclusive, were not adequate to train their police officers and other sworn peace officer personnel to handle the usual and recurring situations with which they must deal with as sworn peace officers, to wit; defendants CITY and DOES 7 through 10, inclusive, failed to train its police officers that they have no right to: 1) use excessive / unreasonable force on persons; 2) unlawfully and unreasonably seize persons; 3) unlawfully search persons; 4) falsely arrest and falsely imprison persons; 5) fabricate / destroy / conceal / alter evidence in criminal and civil actions, and otherwise "frame" persons in criminal actions, in order to falsely and maliciously, oppressively convict innocent persons, to protect them and other deputy sheriffs and supervisory personnel from civil, administrative and criminal liability; 6) interfere with persons' and/or otherwise violate persons' constitutionally protected right to free speech; and 7) cover-up unlawful and tortious conduct by Anaheim Department personnel, and were a proximate cause of the very same California state law, and federal and state constitutional violations complained above, and complained of by the plaintiffs in this action.

53.     Said actions of said defendants were done by them under the color of state law.

54.     As a proximate result of said defendants acting pursuant to said policies, customs, usages and practices of defendant CITY and DOES 7 through 10, inclusive, above-described, said defendants committed said actions complained of above.

55.     Defendants CITY and DOES 7 through 10, inclusive, were deliberately indifferent to the obvious consequences of their failure to train their police officers and other sworn peace officer personnel adequately to follow the policies, as shown above; and

56.     The failure of defendants CITY and DOES 7 through 10, inclusive, to provide adequate training caused the deprivation of plaintiffs' rights by defendants LOMELI, RAMOS, HASANI and/or DOE 1 and/or DOE 2 and/or DOE 3 and/or DOE 4 and DOES 7 through 10, inclusive; that is, the defendants' failure to train is so closely related to the deprivation of plaintiffs' rights as to be the moving force that caused the ultimate injury.

57.     As a direct and proximate result of the actions of defendants LOMELI, RAMOS, HASANI and DOES 1 through 10, inclusive, and the unlawful seizures by said defendants upon the plaintiffs RIGGS and POPE were: 1) substantially physically, mentally and emotionally injured, 2) incurred bail amounts, attorney's fees and expenses, and 3) incurred medical expenses and other special and general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $3,000.000.00.

58.     The actions by said defendants were committed maliciously, oppressively and in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, save defendant CITY, in an amount to be proven at trial, in excess of $3,000,000.00.

**WHEREFORE**, plaintiff prays for judgment as follows:

a)      For a judgment against all defendants for compensatory damages in an amount in excess of $3,000,000.00;

b)      For a judgment against all defendants for punitive damages in an amount in excess of $3,000,000.00;

c)      For an award of reasonable attorney's fees and costs;

d)     For a trial by jury; and

e)     For such other and further relief as this honorable court deems just
and equitable.

_____

JERRY L. STEERING, ATTORNEY FOR
PLAINTIFFS SARAH RIGGS and
ANTHONY ALEXANDER POPE

## DEMAND FOR TRIAL BY JURY

**COME NOW** plaintiffs Sarah Riggs and Anthony Alexander Pope and

demand a trial by jury in this action.

Dated: April 20, 2021

_____

JERRY L. STEERING, ATTORNEY
FOR PLAINTIFFS SARAH RIGGS and
ANTHONY ALEXANDER POPE

COMPLAINT FOR DAMAGES
14