NOTE CHANGES MADE BY THE COURT

ANAHEIM CITY ATTORNEY'S OFFICE
MOSES W. JOHNSON, IV (SBN 118769)
Assistant City Attorney
E-mail: mjohnson@anaheim.net
200 S. Anaheim Boulevard, Suite 356
Anaheim, California  92805
Tel: (714) 765-5169 Fax: (714) 765-5123

Attorneys for Defendants CITY OF ANAHEIM, THOMAS A. LOMELI, MICHAEL J. RAMOS, and REUBEN A. HASANI

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH RIGGS and ANTHONY ALEXANDER POPE,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF ANAHEIM, THOMAS A. LOMELI, MICHAEL J. RAMOS, REUBEN A. HASANI, and DOES 1 through 10, INCLUSIVE,<br><br>Defendants. | Case No.:   8:21-cv-00749 JVS (ADSx)<br><br>**PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION**<br><br>[Discovery Document:  Referred to Magistrate Judge AUTUMN D. SPAETH]<br><br>Action Filed:   April 20, 2021<br>Trial Date:      July 19, 2022 |

On or about March 14, 2022, the parties stipulated to a protective order regarding confidential information and seek to have a protective order entered by the Court based on that stipulation.  The stipulation has been filed with the Court. Based on that Stipulation and it appearing that the information is confidential and good cause appearing therefor, the following Protective Order shall apply to any Documents produced by Defendants to Plaintiffs' counsel in this action:

1. **Good Cause Statement**:  This action involves information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential materials and information consist of, among things, the City of Anaheim Police

Department's Body Worn Camera videos (which include information implicating privacy rights of third parties), the City of Anaheim internal investigation and/or the Officer's personnel files (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.

2. Attorneys for the Plaintiffs shall receive from the City a copy of the above APD police and investigative reports in connection with this incident involving Plaintiffs ("File").

3. Attorneys for the Plaintiffs shall personally secure and maintain the File in their possession to the end that the File is to be used only for the purposes set forth below and for no other purpose.

4. Plaintiffs' counsel's copy of the investigation File shall only be used for preparing for and prosecuting this case pending the completion of the judicial process including appeal, if any. No copies of the File shall be made.

5. If necessary in the judgment of the attorneys for the Plaintiffs in this case, they may show or reveal the contents of the File to their experts and/or investigators, if the same may actively assist in the prosecution of this case.

6. Duration: Once a case proceeds to trial, all of the information that was designated as confidential or maintained pursuant to this protective order becomes public unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial.

Kamakana v. City and County of Honolulu (9th Cir. 2006) 447 F.3d 1172, 1180-1181 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this protective order do not extend beyond the commencement of the trial.

7. Filing Protected Material: A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

8. Final Disposition: After the final disposition of this Action, Plaintiffs' Counsel shall return all Protected Material and/or Confidential Information to counsel for the City or shall destroy such material, including all copies and extracts thereof, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material and/or Confidential Information with the exception of those documents affected by the attorney work-product doctrine or attorney-client privilege. Notwithstanding this provision, Counsel are entitled to retain a copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain material Protected Material and/or Confidential Information produced subject to this order. Any such copies that contain or constitute Protected Material and/or Confidential Information remain subject to this Protective Order.

9. Attorneys for the Plaintiffs shall cause the substance of this order to be communicated to each person to whom the File is revealed in accordance with this order and prior to disclosure of the Confidential Information, have such

1  person execute a written Understanding and Agreement to be bound by this
2  Stipulation for Protective Order in the form attached hereto as Exhibit 1.
3      10.   The attorneys for the Plaintiffs shall not cause or knowingly permit
4  disclosure of the contents of the File beyond the disclosure permitted under the
5  terms and conditions of this order, including but not limited to any news media
6  which is inclusive of film or video, television, radio or print.
7      11.   This stipulation is without prejudice to move the District Court~~, or
8  another court of competent or general jurisdiction (i.e. another District Court or a
9  Superior Court)~~ to vacate and/or to amend this Protective Order.

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED:

Dated:  March 22, 2022                 /s/ Autumn D. Spaeth
                                       HONORABLE AUTUMN D. SPAETH
                                       United States Magistrate Judge

<u>EXHIBIT 1</u>

UNDERSTANDING AND AGREEMENT

PURSUANT TO PROTECTIVE ORDER

I declare under penalty of perjury under the laws of the United States of America that I have read in its entirety and understand the Stipulation and Protective Order that was issued by the United States District Court for the Central District of California in the case of RIGGS et al. v. CITY OF ANAHEIM, et. al., Case No.: 8:21-cv-00749 JVS (ADSx), now pending in the District Court. I understand the Stipulation and Order and agree to comply with and to be bound by all the terms of the Stipulation and Protective Order. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Stipulation and Protective Order to any person or entity except in strict compliance with the provisions of the Stipulation and Protective Order.

DATED:_____

By: _____
    SIGNATURE

_____
PRINT NAME

_____
ADDRESS

_____
CITY, STATE, ZIP

145154